IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Shirley Gregg, | C/A No. 3:08-4040-CMC |
| Plaintiff, | **OPINION and ORDER** |
| v. | **on Post-Trial Motions** |
| Jon E. Ham, Quicksilver Bail Bonds, LLC, | |
| Defendants. | |

This matter is before the court on Defendants' post-trial motions for judgment notwithstanding the verdict, new trial, and/or to alter or amend the judgment. Plaintiff has responded in opposition. For the reasons stated below, Defendants' motions are **denied**.

**PROCEDURAL HISTORY**

Plaintiff alleged in her Complaint that Defendants violated her Fourth Amendment right to be free from an unwarranted search of her residence, as well as state law claims for assault, trespass and intentional infliction of emotional distress. This matter was tried before a jury. At the close of Plaintiff's case, the court directed a verdict on her claim of intentional infliction of emotional distress. The remaining claims were considered by the jury which, after due deliberations, found for Plaintiff on the remaining causes of action. On February 25, 2010, the Clerk entered judgment in favor of Plaintiff pursuant to the jury verdict in her favor.

Defendants filed a motion for Judgment Notwithstanding the Verdict (JNOV), for New Trial, and/or to Alter or Amend the Judgment. Plaintiff responded in opposition, to which Defendants filed a reply. In their Memorandum in Support of the post-trial motions, filed March

1

15, 2010, Defendants withdraw their motion for JNOV relating to Plaintiff's trespass cause of action. Therefore, the remaining post-trial motions relate to Plaintiff's causes of action for constitutional violation and the state law assault claim.

**STANDARD OF REVIEW**

Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, a district court may grant a judgment notwithstanding the verdict "if there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party." *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998) (internal quotation marks omitted). "[T]he evidence and all reasonable inferences from it are assessed in the light most favorable to the non-moving party, and the credibility of all evidence favoring the non-moving party is assumed." *Crinkley v. Holiday Inns, Inc.*, 844 F.2d 156, 160 (4th Cir. 1988) (citations omitted). The evidence must be "'of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment could reasonably return a verdict for the non-moving party.'" *Id.* (quoting *Wyatt v. Interstate & Ocean Transp. Co.*, 623 F.2d 888, 891 (4th Cir. 1980)). A court is not permitted to retry factual findings or credibility determinations reached by the jury; instead, a court must "assume that testimony in favor of the non-moving party is credible, unless totally incredible on its face, and ignore the substantive weight of any evidence supporting the moving party." *Cline*, 144 F.3d at 301 (internal quotations and citation omitted).

Unlike the procedure under Rule 50(b), a district court is permitted to weigh the evidence when considering a motion for a new trial under Rule 59(e). *Cline*, 144 F.3d at 301. The court should grant a new trial only if "'(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there

2

may be substantial evidence which would prevent the direction of a verdict.'" *Id.* (quoting *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996)). In considering this motion, the court views the evidence in the light most favorable to the prevailing party. *Perrin v. O'Leary*, 36 F.Supp.2d 265, 266 (D.S.C. 1998). "Such a motion should be denied, unless there were substantial errors in evidentiary rulings or jury charges, or unless 'the evidence, together with all inferences that can reasonably be drawn therefrom, is so one-sided that reasonable people could not disagree on the verdict.' " *Id.* (quoting *Bennett Enters., Inc. v. Domino's Pizza, Inc.*, 45 F.3d 493, 497 (D.C. Cir. 1995)). A district court's denial of a motion for a new trial "rests with the sound discretion of the trial judge and will not be reversed absent an abuse of discretion." *Stamathis v. Flying J, Inc.*, 389 F.3d 429, 436 (4th Cir. 2004).

As to remittitur of punitive damages, the Supreme Court has held that punitive damages can be imposed to further "legitimate interests in punishing unlawful conduct and deterring its repetition." *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 568 (1996). The Due Process Clause, however, "prohibits the imposition of grossly excessive or arbitrary punishments." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003). The Court has "instructed courts reviewing punitive damages to consider three guideposts: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *Id.* at 418.

**ANALYSIS**

Defendants first argue that they are entitled to a new trial absolute or a new trial on the issue of damages, asserting that the "jury's verdict was inconsistent to the extent that it found Plaintiff suffered actual damages on the assault claim and no actual damages on the § 1983 claim." Mem. in Supp. at 4 (Dkt. # 121, filed Mar. 15, 2010). Plaintiff responds that the apportionment of damages relating to these claims is not inconsistent, as she believes that "the jury determined that while [Plaintiff] suffered a constitutional violation or deprivation as a result of the unlawful search of her home . . . it also found [Plaintiff] did not suffer any compensable injury as a result of this deprivation and therefore awarded her only nominal damages . . . ." Pl.'s Mem. in Opp. at 1 (Dkt. # 122, filed Mar. 24, 2010).

Plaintiff's Section 1983 claim was based upon a search of Plaintiff's residence which the jury found occurred in violation of the Fourth Amendment. The jury determined that while the search was unconstitutional, Plaintiff suffered no actual damages relating to this derogation of her rights. Plaintiff's assault claim, however, was based upon her contention that Defendant Ham pointed his shotgun at her. There was testimony from both Plaintiff and Defendant Ham on whether the shotgun was pointed at Plaintiff. The jury credited Plaintiff's testimony on this claim as it found for Plaintiff on this cause of action, and therefore it was reasonable for the jury to believe that this assault is what caused actual damages. Plaintiff testified that she was afraid, and as noted by Plaintiff in her opposition to Defendants' motion, "[t]here is nothing inconsistent about the jury finding that the injuries complained of by [Plaintiff] . . . were not caused by the constitutional violation, but rather [by] Defendant Ham's conduct and the manner in which he entered her home . . . ." Pl.'s Mem. in Opp. at 2.

4

For these reasons, therefore, Defendants' motion for a new trial or new trial on issue of damages relating to an alleged inconsistent verdict is **denied**.

Defendants next argue that if a new trial is not granted, Defendant Ham is entitled to a remittitur on the actual damage award relating to the assault claim. Defendants contend that Plaintiff's out-of-pocket medical expenses were "minimal" when compared to the overall award, and that there was "no competent evidence of permanent impairment." Mem. in Supp. at 5. Plaintiff contends that the damages awarded by the jury on the assault claim are reasonable and not excessive.

Plaintiff testified that Ham entered her home with his shotgun, and that she was afraid and began to cry. Additionally, Plaintiff testified that prior to Ham's entry into her home on the date in question, she had never locked the front door to her home, but that as a result of his actions, she now always keeps the door locked. Additionally, Plaintiff testified that she was scared to remain alone in the residence after this incident, and that she has had trouble sleeping.

Plaintiff's expert witness, Dr. Avie J. Rainwater, III, a clinical psychologist, testified that Plaintiff suffered from depression, anxiety, and anger as a result of Defendant Ham's actions, and that she was not coping well with her resulting conditions and was not sleeping well. Dr. Rainwater opined that Plaintiff suffered from Post-Traumatic Stress Disorder (PTSD) as a result of this incident, and that the PTSD was heightened as a result of her underlying physical condition.

The court finds that the jury's award of $50,000 in actual damages relating to Plaintiff's assault claim is not excessive. Plaintiff presented more than enough testimony to support an award of actual damages. The jury's award of $50,000 to cover her past and future damages relating to the assault claim does not appear to have been based upon passion, caprice, or some other improper motive, nor does this court consider the jury's award to be a "miscarriage of justice." *Cline*, *supra*,

144 F.3d at 306. Therefore, Defendants' motion for remittitur on the damages relating to the assault claim is **denied**.

Defendants next argue that they are entitled to a remittitur of the punitive damages award on the trespass, assault, and § 1983 claims. However, they provide no support for their contention that "[t]he role that sympathy played in this verdict cannot be discounted." Mem. in Supp. at 6.

As noted above, while punitive damages are allowed in cases such as this one, the Due Process Clause "prohibits the imposition of grossly excessive or arbitrary punishments." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003). The Court has "instructed courts reviewing punitive damages to consider three guideposts: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *Id*. at 418. The third guidepost is of little guidance as civil penalties are not authorized under § 1983. The court, therefore, considers only the first and second guideposts.

The jury awarded punitive damages in the amount of $30,000 on Plaintiff's § 1983 claim and $10,000 each as to the trespass and assault claims. As to the civil rights violation, a review of the testimony reveals no significant disparity between the actual or potential harm and the punitive damages award. Plaintiff testified that at the time of the incident (October 25, 2007), she knew Defendant Ham was a bailbondsman; that when he arrived at her home, he was accompanied by an unidentified man; that Defendant Ham had a shotgun with him; that he told her to unlock the door and let him in or he was "coming in anyway"; and the Defendant Ham pointed the shotgun at her as he entered and searched her residence. Defendant Ham testified that on the evening of October

23, 2007, he saw the fugitive in question go into Plaintiff's house; that he stayed to watch Plaintiff's residence for 30 to 45 minutes; that he left and did not return on October 24; and that when he returned on the morning of October 25, Ham "reasoned he [the fugitive] would still be" in her residence. The jury's award of $30,000 punitive damages is reflective of the jury's finding, with which this court agrees, that Ham's testimony was patently false, and that his actions were threatening, dangerous, and reprehensible.

As to Plaintiff's trespass claim, the jury's award of $10,000 in punitive damages is also not excessive. In fact, the evidence was uncontroverted that Ham returned to Plaintiff's property after being warned that any further presence on the property would be considered trespassing.

Finally, as to Plaintiff's assault claim, the jury awarded $50,000 in actual damages. The jury's award of $10,000 in punitive damages is reflective of the degree of reprehensibility of Defendant Ham's conduct as found by the jury, and is certainly not a disparate award relative to the actual damages awarded by the jury.

For these reasons, therefore, Defendants' motion for remittitur of punitive damages is **denied**.

Defendants contend that they are entitled to JNOV relating to Plaintiff's assault claim. For the reasons stated by Plaintiff in her Memorandum in Opposition, with which this court agrees and finds to be correct, Defendants' motion for JNOV is **denied** as to the assault claim.

Defendants' last argument is that Defendant Ham is entitled to JNOV on Plaintiff's § 1983 claim based upon a purported error in the jury instructions. Defendants contend that the court, in contravention of *Willingham v. Crooke*, 412 F.3d 553 (4th Cir. 2005), submitted the question of qualified immunity to the jury. Plaintiff argues that although Defendant Ham was not entitled to

7

qualified immunity, *see Wyatt v. Cole*, 504 U.S. 158, 159 (1992), the court's submission of special interrogatories to the jury was not error.

Initially the court notes that Defendants agreed with and raised no objection to the jury instructions and verdict form which were presented to the jury. Therefore, this argument is waived.

Even assuming non-waiver, the court did not submit the question of qualified immunity to the jury. Unlike *Willingham*, the questions answered by the jury did not go to whether Defendant Ham would have known his actions violated the law, but rather whether or not Defendant Ham could have reasonably believed that Plaintiff gave him knowing and voluntary consent to search her home. Had the jury found that the evidence supported Ham's claim that he believed that Plaintiff consented to the search of her residence, the court would have decided the legal question whether he was entitled to qualified immunity. This is entirely in conformity with *Willingham*. Therefore, Defendant's motion for JMOL as to the § 1983 claim is **denied**.

**CONCLUSION**

For the foregoing reasons, Defendants' motion for post-judgment relief is **denied.**

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 3, 2010